# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MATTHEW MELCHIORRE**, | : | CIVIL ACTION NO. 1:09-CV-1123 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **JERRY MARTINEZ**, | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner Matthew Melchiorre ("Melchiorre") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on June 12, 2009, claiming that he is entitled to twelve months of pre-release custody placement in a residential re-entry center ("RRC") pursuant to the Second Chance Act of 2007. (Doc. 1). For the reasons that follow, the petition will be dismissed without prejudice for failure to pursue available administrative remedies.

## I.  Background

Melchiorre, a federal inmate presently incarcerated at the Low Security Correctional Institute at Allenwood ("LSCI-Allenwood"), was sentenced on November 29, 2001, in the United States District Court for the Eastern District of Pennsylvania. (Doc. 1, at 1.) He is serving the remainder of a 143 month term of imprisonment for armed robbery and brandishing a firearm in violation of 18 U.S.C. §§ 2113(D) and 924(C)(1). (Id.) His projected release date is October 1, 2010, *via* good conduct time release. (Doc. 6-2, Declaration of Yvonne Bennage ("Bennage Dec."), Federal Bureau of Prisons case manager at LSCI-Allenwood, at 5, ¶ 3.)

On April 9, 2008, the Second Chance Act of 2007, Pub. L. No. 110-199, Title II, § 251, 122 Stat. 657, 692 (the "Second Chance Act"), codified at 18 U.S.C. §§ 3621, 3624 was signed into law. The Act increases the duration of pre-release placement in an RRC from six to twelve months and requires the BOP to make an individual determination that ensures that the placement be "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(C) (Apr. 9, 2008). "Recommendations for RRC placements are ordinarily reviewed with the inmate and Unit Team 17-19 months before each inmate's probable release date." (Doc. 6-2, Bennage Dec. at 5, ¶ 4.) Referrals are then forwarded to the Community Corrections Manager at least sixty days prior to the maximum recommended date. (Id. at ¶ 5, citing BOP Program Statement 7310.04, Community Corrections Center Utilization and Transfer Procedures.)

On May 28, 2009, Melchiorre's Unit Team conducted a Program Review and informed him that a recommendation that he be placed in an RRC between five and six months prior to his release date would be forwarded to the Community Correction's Manager. (Id. at 6, ¶ 8.) This recommendation was based on "his current offense, noting that he committed a crime of violence; available resources within the release district, noting that he has secured residency with his mother; financial planning, noting that he is not in destitution; employment options/academic history, noting that he has completed a culinary arts class and he is enrolled in college correspondence classes; and his health, noting that he is in good health." (Id. at ¶ 8; Doc. 6-2, "Inmate Skills Development Plan", at 50-61.)

Melchiorre requested more than six months RRC placement based on the Second Chance Act. (Doc. 6-2, at 60.) According to the Inmate Skills Development Plan, "[h]e was evaluated for this and recommended for 5-6 months RRC based on his individual needs." (Id.)

Although he attempted to resolve his complaint informally prior to filing the instant petition, no other steps were taken because "completing the administrative process would effectively moot the claim. . . ." . (Doc. 1, at 5.)

## II. Discussion

The habeas statute upon which petitioner relies to challenge the timing of his pre-release placement, 28 U.S.C. 2241, unlike other federal habeas statutes, "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (quoting 28 U.S.C. §§ 2241(a)( and (c)(3)). The United States Court of Appeals for the Third Circuit has concluded that section 2241 is the appropriate means for challenging a decision to exclude an inmate from release to an RRC. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 242 (3d Cir. 2005).

Although Section 2241 does not contain a statutory exhaustion requirement, courts in the United States Court of Appeals for the Third Circuit have consistently required an inmate to exhaust his administrative remedies prior to petitioning for a writ of habeas corpus. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981) (per curiam)); e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required for

3

the following reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (3d Cir. 1996) (citations omitted).

The exhaustion procedure to be utilized by federal inmates is the administrative remedy protocol established by the Bureau of Prisons ("BOP") and set forth at 28 C.F.R. §§ 542.10-542.19. Pursuant to this protocol, an inmate first must present his complaint to staff, and staff must attempt to resolve informally any issue before an inmate files a request for administrative relief. See § 542.13(a). If informal resolution proves unsuccessful, the inmate may raise the complaint with the warden of the institution where he or she is confined. See id. An inmate has twenty calendar days from the date of the alleged injury within which to complete this informal resolution process. See § 542.14(a). If an inmate is dissatisfied with the response received during the informal resolution process, he or she may appeal the decision to the Regional Office and the General Counsel of the BOP. See § 542.15. A BOP decision is not final—and thus not reviewable—until relief has been denied by the General Counsel's Office. Id. If at any point an inmate misses a deadline imposed by federal regulations, BOP policy requires that the inmate seek an extension of time within which to file his or her grievance. See § 542.14(b). Acquisition of an extension requires that an inmate provide a "valid reason for the delay." Id.

According to BOP records Melchiorre failed to exhaust his administrative remedies regarding his pre-release placement. (Doc. 6-2, Declaration of Susan Albert ("Albert Dec."), BOP paralegal specialist at the Federal Correctional Complex at Allenwood, at 69, ¶ 5.) He concedes that he did not exhaust before filing this petition. (Doc. 1, at 5.)

In an effort to excuse the requirement, he argues that administrative review process is futile because the BOP has "effectively 'timed' the consideration process to prevent inmates from being able to complete the administrative requirement, without mooting their claim." (Doc. 7, at 3.) In support, he relies on the case of Strong v. Schultz, 599 F. Supp.2d 556 (D.N.J. 2009), a district court case in which the court directed the Bureau of Prisons to immediately reconsider the petitioner for RCC placement for a period of longer than six months. (See Doc. 7, at 3.) However, any reliance on Strong in this instance is misplaced because the petitioner in Strong fully exhausted available BOP administrative remedies prior to filing a petition in federal court.[1]

Moreover, despite his argument to the contrary, exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be

---

[1] The petitioner in Strong successfully utilized the BOP's administrative remedy process in that his pre-release placement time was increased from sixty days to six months. Strong, 599 F. Supp.2d at 560. Even so, he filed a federal petition seeking twelve-month pre-release placement because he had been diagnosed with HIV/AIDS and needed to obtain medical care and substance abuse treatment before securing employment. Id.

5

unsuccessful in his administrative appeals before the twelve-month pre-release mark, which is simply a statutory maximum and not a mandate. See 18 U.S.C. 3624(c)(1)-(6). He is scheduled for good conduct time release on October 1, 2010, which would set his twelve-month RRC placement date at October 1, 2009. He was aware of his Unit Team's recommendation of 150-180 days on May 28, 2009 (Doc. 6-2, at 6, ¶ 8), which afforded him adequate time to exhaust his administrative remedies prior to proceeding in federal court.[2] See Malvestuto v. Martinez, No. 09-1339, 2009 WL 2876883 (M.D.Pa., September 1, 2009) (dismissing petition for failure to initiate administrative review); see Torres v. Martinez, No. 09-1070, 2009 WL 2487093 (M.D.Pa. August 12, 2009) (same); Shoup v. Schultz, No. 08-3821, 2009 WL 1544664 at * 3 (D.N.J. June 2, 2009) (same); Cooper v. Grondolsky, No. 09-2970, 2009 WL 2049168 at *4 (D.N.J. July 08, 2009) (refusing to excuse petitioner's failure to at the very least submit an administrative remedy request to the Warden); Breazeale v. Shultz, 09-2118, 2009 WL 1438236 at *3 (D.N.J. May 19, 2009) (same); Miceli v. Martinez, No. 08-1380, 2008 WL 4279887 (M.D.Pa. Sept. 15, 2008) (dismissing petition without prejudice for failure to exhaust administrative remedies). Accordingly, the court will dismiss the petition for a writ of habeas corpus for failure to pursue administrative remedies.

---

[2] According to his case manager, as of July 9, 2009, his referral for community placement was not yet complete. (Doc. 6-2, at 6, ¶ 8.)

**III. Conclusion**

Based on the foregoing, the petition for writ of habeas corpus will be dismissed without prejudice for failure to pursue administrative remedies.

An appropriate order follows.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge

Dated:     September 30, 2009

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MATTHEW MELCHIORRE,** | : | **CIVIL ACTION NO. 1:09-CV-1123** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **JERRY MARTINEZ,** | : | |
| Respondent | : | |

## **ORDER**

AND NOW, this 30th day of September, 2009, upon consideration of the petition for writ of habeas corpus (Doc. 1), and in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. The petition (Doc. 1) is DISMISSED without prejudice.

2. The Clerk of Court is directed to CLOSE this case.


                                      S/ Christopher C. Conner  
                                    CHRISTOPHER C. CONNER  
                                    United States District Judge